## In re Anonymous No. 46 D.B. 77

Disciplinary Board Docket no. 46 D.B. 77

SCHIAVO, *Board Member*, May 12, 1978— Pursuant to Rule 208(d)(1) of the Pennsylvania Rules of Disciplinary Enforcement (rules) the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings, recommendations and order with respect to the above proceeding.

## I. HISTORY OF THE PROCEEDINGS

Respondent, [ ], Esq., is an attorney duly admitted to practice law in the Commonwealth of Pennsylvania, having his office at the [ ] Building, [ ] Street, [ ], [ ] County, Pa.

On October 28, 1977, the office of disciplinary counsel filed a petition for discipline with the board charging respondent with violations of the Code of Professional Responsibility arising out of his failure to process an estate of one [A]. Respondent neglected to proceed with this matter even after petitioner became involved and prodded respondent to do so in February of 1977. Another attorney then succeeded to this representation in May of 1977. Only through the intercession of respondent's law partner at that time were certain escrowed moneys of the estate forwarded to its new legal counsel.

Respondent's answer to said petition generally admitted the various allegations of the petition including an admission that respondent did not act diligently in his contract for professional services relative to said estate. A request for a hearing was also made by respondent; a hearing was held before a duly constituted hearing committee consisting of [ ], Esq., chairman, [ ], Esq. and [B], Esq.; however, [B], Esq., while a member of the committee, did not attend the hearing.

According to the filed report of said hearing committee the uncontradicted evidence elicited at the hearing showed respondent to be suffering from severe emotional problems and depression during his period of said representation which in turn may have led to his failure to attend to said estate matters. Respondent then became a patient of one [C], M.D., a psychiatrist in [ ]. The committee noted an

improvement in respondent as a result of the treatment of Dr. [C] and found the prognosis to be good.

The conclusion of the committee was a finding that respondent violated only disciplinary Rule 6-101(A)(3) dealing with neglect of a legal matter entrusted to him; moreover, the committee recommended no reprimand but that respondent be placed under probation by the board due to his emotional problems at the time of said violation. There is attached to the report of hearing committee a medical-psychiatric report of said Dr. [C] substantially corroborating the good prognosis for respondent. Subsequently the hearing committee reconsidered its initial determination and finally determined private reprimand with probation as the appropriate discipline hereunder.

The hearing committee's determinations were under the abbreviated procedure and were accepted by both petitioner and respondent.

## II. DISCUSSION

The hearing committee fully and competently performed its function hereunder. Its report was completely cognizant of all the relevant facts, including its sensitivity to the underlying emotional distress of respondent which may well have precipitated his transgression.

There is agreement by the board with many of the facets of the hearing report. Probation coupled with other discipline in similar personal distress situations has been recommended by the board. One such situation involved discipline in the form of a suspension from practice, and another involved discipline in the form of a public censure. Both

cases involved multiple and more serious violations of certain disciplinary rules of the Code of Professional Responsibility than is here involved.

The board, like the hearing committee, finds respondent violated Disciplinary Rule 6-101(A)(3) dealing with neglect of a legal matter entrusted to him; moreover, the board finds that probation is necessary in this case not only to be certain that respondent seriously pursues his treatment by Dr. [C] but also to be certain that the interests of the public are safeguarded during respondent's period of treatment. The board, like the hearing committee, also finds there must be an official acknowledgment of respondent's admitted transgression or violation of said disciplinary rule.

## III. RECOMMENDATION

For all the reasons set forth above, the board, pursuant to and under Rule 204(5) of the Pennsylvania Rules of Disciplinary Enforcement, hereby imposes a private reprimand with probation as the proper discipline in this matter. Probation is recommended and imposed for a period of not less than one year from the date hereof. It is also recommended and ordered that respondent's physician shall submit a report to this board on respondent's progress and condition within six months of the date hereof.

Mr. Harrington dissented. Messrs. Reath and Foley did not participate in the adjudication.